UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2272 DSD/SRN

Frank Conroy,

        Plaintiff,

v.                                                          **ORDER**

Inter Faculty Organization,

        Defendant.

      Thomas P. Kane, Esq., Hinshaw & Culbertson LLP, 222 South
Ninth Street, Suite 3100, Minneapolis, MN 55402, counsel
for plaintiff.

      Connie L. Howard, Esq. and Robert D. Metcalf, Esq.,
Metcalf Kaspari Howard Engdahl & Lazarus P.A., 1600 South
Highway 100 #333W, Minneapolis, MN 55416-1573, counsel
for defendant.

      This matter is before the court on plaintiff's motion to
remand to state court and defendant's motion for summary judgment.
Based upon a review of the file, record and proceedings herein, and
the arguments of counsel at the hearing, defendant's motion for
summary judgment is granted.

**BACKGROUND**

      Plaintiff Frank Conroy worked for defendant Inter Faculty
Organization ("IFO") from 1980 until 2005.  When plaintiff began
work at the IFO, it was affiliated with the Minnesota Educational
Association ("MEA").  In 1989, the IFO disaffiliated with the MEA
and negotiated a collective bargaining agreement ("CBA") to cover
certain IFO staff, including plaintiff.  The CBA governed the terms

of plaintiff's employment for the rest of his tenure at the IFO, and it set forth a four-step procedure for resolving employee grievances.  The final step of this procedure is final and binding arbitration under the rules of the American Arbitration Association.  A "grievance" under the CBA is "any claim that there has been a violation, misinterpretation, or misapplication of the terms of [the] contract, or a violation of the right to fair treatment under any [contract] provision."  (Kane Aff. Ex. A at 3.)

In April 2001, plaintiff filed a grievance alleging that he was entitled to compensation and benefits greater than that provided by the CBA.  Unable to resolve the dispute, the parties proceeded to arbitration on April 10, 2002, before Jay C. Fogelberg.  At the arbitration, each side was represented by an attorney and afforded the opportunity to present position statements, testimony and supportive documentation.  (Howard Aff. Ex. 2 at 2.)  Both parties also submitted written summary statements.  (Id.)  The arbitrator issued a decision on June 24, 2002, denying plaintiff's grievance.  (Id. at 26.)

On July 16, 2002, plaintiff filed a subsequent grievance with the IFO Executive Committee alleging procedural irregularities in the events that led to the April 2002 arbitration and the arbitration itself.  Plaintiff specifically alleged, among other things, that the IFO presented previously undisclosed documents and issues at the arbitration hearing, presented false and misleading

2

information and failed to disclose several witnesses before the proceeding. (Pl. Aff. at 2.) Plaintiff called the arbitration hearing a "star chamber" proceeding and requested that the arbitrator's decision be vacated. (Howard Aff. Ex. 3 at 2.) Writing on behalf of the IFO Board of Directors in a September 19, 2002 letter, IFO President James C. Pehler rejected plaintiff's second grievance. (Howard Aff. Ex. 4 at 1.) Pehler explained that to the extent plaintiff "failed to raise disputed issues at the hearing or in [his] arbitration brief," plaintiff "waived the right to raise them," and that the June 24, 2002, arbitration award is "final and binding on both parties." (Id.) In May 2006, plaintiff commenced an action in Minnesota state court to compel arbitration of the alleged procedural errors from the 2002 arbitration. On June 6, 2006, defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 and 29 U.S.C. § 185(a).

Pursuant to 28 U.S.C. § 1447(c), plaintiff asserts that the court does not have subject matter jurisdiction and moves to remand the action to state court. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that plaintiff's action to compel arbitration is time barred and that the underlying dispute was resolved by the arbitrator's previous final and binding arbitration award.

**DISCUSSION**

**I.  Motion to Remand**

The threshold matter before the court is that of jurisdiction. Pursuant to 28 U.S.C. § 1441, a defendant may remove any case invoking the court's original jurisdiction to hear all cases that arise under the Constitution or laws of the United States.  See 28 U.S.C. § 1331.  Under the "well-pleaded complaint" rule, a complaint that does not contain a federal cause of action cannot be removed to federal court in anticipation of a federal defense. Metro. Life Ins. Co. v. Gen. Motors Corp., 481 U.S. 58, 63 (1987); Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir. 2000). However, if Congress completely preempts an area of state law, the well-pleaded complaint rule does not apply and "'any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim.'"  Lyons, 225 F.3d at 912 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

Defendant bases removal jurisdiction on § 301 of the Labor Management Relations Act ("LMRA"), which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185(a).  Section 301 preempts any state law claim founded on rights created by a CBA, as well as any claim whose resolution is "substantially dependent upon

4

or inextricably intertwined" with interpretations of the terms of a CBA. <u>Trs. of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.</u>, 450 F.3d 324, 331 (8th Cir. 2006) (citations omitted); <u>see also</u> <u>Caterpillar</u>, 482 U.S. at 394-95 ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements."). Thus, the starting point for determining whether a state law claim is preempted is the claim itself. <u>Twin City Bricklayers</u>, 450 F.3d at 331. If a state law claim stands apart from the CBA, it will not be preempted. <u>See Carlson v. Arrowhead Concrete Works, Inc.</u>, 445 F.3d 1046, 1051 (8th Cir. 2006). A plaintiff covered by a CBA can assert legal rights independent of that agreement, including state-law contract rights, "so long as the contract relied upon is <u>not</u> a collective-bargaining agreement." <u>Caterpillar</u>, 482 U.S. at 396. But when a plaintiff invokes rights created by a CBA, the plaintiff has "<u>chosen</u> to plead what . . . must be regarded as a federal claim," and defendant may seek removal. <u>Id.</u> at 399; <u>see</u> <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 213 (1985).

Plaintiff is not asserting an independent state right. Rather, he is invoking state law to compel arbitration. He derives the right to arbitration directly from the CBA, and the subject of such an arbitration would be the manner in which the IFO handled his rights under the CBA. Plaintiff's right to compel arbitration does not exist under Minnesota law independent of a valid arbitration

5

agreement, which in this case is contained exclusively in the CBA.
See Amdahl v. Green Giant Co., 497 N.W.2d 319, 322 (Minn. Ct. App.
1993).   Accordingly, plaintiff's claim is not based on an
independent right; it is derived directly from the CBA, and
resolution of his claim is inextricably intertwined with the terms
of the CBA.  For these reasons, plaintiff's claim is preempted by
the LMRA.  Therefore, defendant's removal based on § 301 was proper,
and plaintiff's motion to remand is denied.[1]

## II.  Summary Judgment Standard

The moving party in a motion for summary judgment will prevail
if it demonstrates to the court that "there is no genuine issue as
to any material fact and that the moving party is entitled to
judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S.
317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A fact is material
only when its resolution affects the outcome of the case.  Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is
genuine if the evidence is such that it could cause a reasonable
jury to return a verdict for either party.  See id. at 252.

---

[1] Plaintiff cites Employer Trustees of the Graphic
Communications International Union v. Union Trustees of the
Graphic Communications International Union, 428 F. Supp. 2d 997
(D. Minn. 2006), to assert that there is no federal subject
matter jurisdiction.  Unlike Employer Trustees, which arose out
of deadlock of the respective trustees, the instant case involves
the collective bargaining process and a labor dispute.
Therefore, plaintiff's reliance on Employer Trustees is
unpersuasive.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

## III.  Statute of Limitations

Defendant alleges that plaintiff's motion to compel arbitration is time barred. Section 301 of the LMRA does not contain a statute of limitations for bringing suits under a collective bargaining agreement. See U.A.W. v. Hoosier Cardinal Corp., 383 U.S. 696, 696-98 (1966). When no federal statute of limitations is expressly applicable, Congress intends courts to apply "the most closely analogous statute of limitations under state law." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983). However, because state legislatures do not devise their limitations periods with national interests in mind, there are times when application of state law is inappropriate – especially when it threatens to frustrate uniform implementation of national policies. See id. at 161. The need for national uniformity is strong in § 301 actions,

particularly if its absence "would threaten the smooth functioning of those consensual processes that federal labor law is chiefly designed to promote – the formation of the collective agreement and the private settlement of disputes under it." Hoosier Cardinal, 383 U.S. at 702. When an issue requires uniformity, a shorter six-month limitations period set forth in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), is appropriate because it furthers the "strong federal policy favoring the prompt resolution of labor policies." R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, 422 F.3d 522, 528 (7th Cir. 2005); see also DelCostello, 462 U.S. at 171.

The appropriate statute of limitations for a § 301 claim is determined by the type of issue alleged in the complaint. In general, when the § 301 claim most closely resembles a breach of contract action, the relevant state-law statute of limitations for contract actions is proper. See Tand v. Solomon Schechter Day Sch., 324 F. Supp. 2d 379, 384 (E.D.N.Y. 2004) (applying New York six-year statute of limitations for breach of contract); see also Hoosier Cardinal, 383 U.S. at 705, 707 (applying Indiana six-year statute of limitations for contracts not in writing). It has been consistently held, however, that actions to compel arbitration invoke issues that require national uniformity and have applied the § 10(b) six-month period to these actions. See United Rubber, Cork, Linoleum & Plastic Workers of America v. Pirelli Armstrong Tire

Corp., 104 F.3d 181, 183 (8th Cir. 1997); United Food & Commercial Workers Local 100A v. John Hofmeister & Son, Inc., 950 F.2d 1340, 1347 (7th Cir. 1991); Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc., 895 F.2d 1053, 1055 (5th Cir. 1990); United Food & Commercial Workers Union Local No. 88 v. Middendorf Meat Co., 794 F. Supp. 328, 332 (E.D. Mo. 1992).  In such cases, a cause of action accrues and the time period begins running when one party clearly refuses to arbitrate the dispute.  See A.P. Green, 895 F.2d at 1055; Commc'n Workers of America v. W. Elec. Co., 860 F.2d 1137, 1144 (1st Cir. 1988); Fed'n of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp., 736 F.2d 896, 902 (3d Cir. 1984); see also Bass v. City of Sioux Falls, 232 F.3d 615, 617-18 (8th Cir. 1999).

Plaintiff argues that his action is governed by Minnesota's six-year statute of limitations for causes of action arising out of contract.  See Minn. Stat. § 541.05.  Plaintiff, however, did not bring an action for breach of contract.  Instead, he filed an action to compel arbitration, and the appropriate limitations period is the six-month statute of limitations in § 10(b) of the NLRA.  Plaintiff commenced the state court action to compel arbitration on May 25, 2006, over three years after he received IFO President James Pehler's September 19, 2002, letter refusing to arbitrate his second grievance.  Therefore, his action to compel arbitration is time

barred, and the court grants defendant's motion for summary judgment.

**IV.  Final and Binding Arbitration Award**

Because plaintiff's action is time barred, the court will not consider whether summary judgment is also appropriate based on plaintiff's alleged inability to challenge the Fogelberg arbitration award.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to remand to state district court [Docket No. 5] is denied.

2.  Defendant's motion for summary judgment [Docket No. 11] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 1, 2006

s/ David S. Doty
David S. Doty, Judge
United States District Court